UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AUTOMOTIVE BODY PARTS ASSOCIATION, § § Plaintiff, § § v. § § FORD GLOBAL TECHNOLOGIES, LLC, § § Defendant. § | 4:13-CV-00705-RC-ALM |

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Automotive Body Parts Association for its First Amended Complaint for Declaratory Judgment against Ford Global Technologies, LLC, states and alleges as follows:

**I. PARTIES**

1. Plaintiff Automotive Body Parts Association (hereinafter "ABPA") is a non-profit corporation organized and existing under the laws of the State of Texas with a principal office in Houston, Texas. Members of the ABPA are doing business in this judicial district.

2. On information and belief, Ford Global Technologies, LLC (hereinafter Ford Global Technologies), is a corporation organized and existing under the laws of the State of Delaware with a principal office and principal place of business at 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. On information and belief, Ford Global Technologies is a wholly owned subsidiary of Ford Motor Company and manages intellectual property and technology commercialization matters for Ford Motor Company. Ford Global Technologies has been served and has appeared herein.

**II. JURISDICTION AND VENUE**

3. This Complaint arises under the Patent Laws of the United States, 35 U.S.C. § 100 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon an

actual controversy between the parties to declare that certain design patents owned by Ford Global Technologies are invalid and unenforceable under the doctrines of patent exhaustion and functionality and are not infringed by members of the ABPA.

4. This Court has original jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Ford Global Technologies due to Ford Global Technologies' continuous and systematic business contacts with the state of Texas, including conducting of substantial and regular business in Texas through marketing and sales of automobiles and automotive body repair parts in Texas including but not limited to automotive body repair parts that are the subject of Ford Global Technologies' asserted design patents. Further, Ford Global Technologies has threatened to sue one or more members of the ABPA for alleged design patent infringement for selling in this judicial district automotive body repair parts allegedly covered by design patents owned by Ford Global Technologies.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 (b), (c), (d) and 1400 (b).

### III. ASSOCIATIONAL STANDING

7. ABPA members distribute aftermarket repair parts in the automotive collision repair trade. The ABPA has associational standing to bring this action because (a) its members otherwise would have standing to sue in their own right, (b) the interests this action seeks to protect are germane to the ABPA's purpose, and (c) neither the claim asserted nor the relief requested requires the participation of individual ABPA members in the lawsuit.

8. Ford Global Technologies has threatened to sue one or more ABPA members for alleged design patent infringement for selling automotive body repair parts allegedly covered by design patents owned by Ford Global Technologies. Therefore, ABPA members otherwise

would have standing to sue Ford Global Technologies for a declaratory judgment of patent invalidity, patent unenforceability, and patent non-infringement in their own right.

9. The ABPA bylaws provide in relevant part that objectives of the ABPA are "[t]o promote fair and honorable trade practices between the membership and the customers of the membership of the Association," "[t]o discourage unfair competition and violation of business customs and usages of the trade," "[t]o creatively expand the role to the Distributor and to open up new business opportunities and services to the independent autobody shops and dealers," and "[t]o foster good will between the industry, its factory suppliers, customers, and other industries influencing industry growth (i.e., the insurance industry)."

10. The ABPA website provides in relevant part that "members of ABPA are dedicated to serving the collision repair industry with Quality Replacement Parts, backed by Dependable Service and Fair Prices" and "ABPA members are pledged to supporting the multifaceted collision repair industry by not only delivering quality products where and when needed, but also by making the entire parts delivery system more expedient and economically viable."

11. Ford Global Technologies uses design patents on automotive body repair parts to limit distribution and increase cost of the repair parts. This action seeks a declaration that such automotive body repair part design patents are invalid and/or unenforceable under the doctrines of patent exhaustion and/or functionality and are not infringed by ABPA members. Therefore, the interests this action seeks to protect are germane to the ABPA's purpose.

12. This declaratory judgment action seeks declarative and injunctive relief concerning the validity, enforceability, and non-infringement of Ford Global Technologies'

design patents directed toward automotive body repair parts. Therefore, neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

## IV. BACKGROUND

13. Ford Global Technologies is the assignee of certain U.S. design patents directed toward automotive body repair parts. Ford Global Technologies has asserted in writing that one or more ABPA Members have and are infringing the following Ford Global Technologies design patents covering automotive body repair parts, one or more of which automotive body repair parts were sold by members of the ABPA in this judicial district: D489299 (Exterior of Vehicle Hood) and D501685 (Vehicle Head Lamp).

14. The automotive body repair parts covered by the design patents listed above are duplicates of the automotive body parts originally sold with the first sale of the automobile of which they are or were a part. The designs of the automotive body repair parts covered by the design patents listed above are dictated by the function they perform in that, *inter alia*, they must be identical in appearance to the original automotive body parts to duplicate original automobile appearance following repair and/or must mate in a certain way with the surrounding portion of the automobile.

## V. COUNT I.
## REQUEST FOR DECLARATORY JUDGMENT

15. ABPA repeats and realleges each of the allegations in paragraphs 1-14 as if fully set forth herein.

16. Ford Global Technologies has accused one or more ABPA members of infringing one or more of the above listed Ford Global Technologies' design patents covering automotive body repair parts. ABPA asserts that its members are not infringing Ford Global Technologies'

design patents because, *inter alia*, the design patents are invalid and/or unenforceable under the doctrines of patent exhaustion and/or functionality.

17. There is an actual, substantial, immediate, and continuing controversy between members of the ABPA and Ford Global Technologies regarding Ford Global Technologies' assertion of their design patents covering automotive body repair parts and Ford Global Technologies' threats of design patent litigation against ABPA members. A declaration of rights is both necessary and appropriate to establish that ABPA members are not committing patent infringement by offering for sale and selling automotive body repair parts allegedly covered by Ford Global Technologies' design patents. This action seeks a declaration that such automotive repair part design patents are invalid and/or unenforceable under the doctrines of patent exhaustion and/or functionality and are not infringed by members of the ABPA.

18. ABPA Members are being injured by Ford Global Technologies' assertion of its design patents covering automotive body repair parts and Ford Global Technologies' threats of litigation against ABPA Members. Ford Global Technologies' assertions and threats have prevented one or more ABPA Members from purchasing and selling automotive repair parts for Ford Motor Company automobiles without threat of litigation from Ford Global Technologies. Ford Global Technologies' actions have deprived ABPA Members of the economic opportunity to compete in the marketplace for automotive body repair parts for Ford Motor Company automobiles and have improperly distorted the marketplace by decreasing the supply and increasing the cost of automotive body repair parts for Ford Motor Company automobiles.

19. The requested relief can redress the injury being suffered by ABPA members. A declaratory judgment of patent invalidity, patent unenforceability, and patent non-infringement regarding Ford Global Technologies' subject design patents and an injunction preventing Ford

Global Technologies from enforcing such design patents will permit ABPA members to purchase, offer for sale, and sell automotive body repair parts for Ford Motor Company automobiles without the threat or potential consequences of design patent infringement litigation.

## VI.  PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, ABPA respectfully requests the Court enter judgment as follows:

A.   Declaring that the subject Ford Global Technologies' design patents directed toward automotive body repair parts are invalid, unenforceable, and not infringed by ABPA Members;

B.   Permanently enjoining Ford Global Technologies from enforcing or attempting to enforce the subject design patents directed toward automotive body repair parts against ABPA Members;

C.   An award of costs of suit to Plaintiff ABPA; and

D.   Such other and further relief as the Court deems proper and just.

## VII.  DEMAND FOR JURY TRIAL

Plaintiff ABPA, pursuant to Rule 38(b) of the Federal Rues of Civil Procedure, demands a trial by jury on all issues triable by right by a jury.

Respectfully submitted,

/s/ Robert G. Oake, Jr.
Robert G. Oake, Jr.
Texas State Bar No. 15154300
Oake Law Office
825 Market Street, Suite 250
Allen, Texas 75013
(214) 207-9066
rgo@oake.com

Attorney for Plaintiff ABPA

6

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on October 3, 2014.

/s/ Robert G. Oake, Jr.
Attorney for ABPA