UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**AUTOMOTIVE BODY PARTS ASSOCIATION,**

          Plaintiff,

    v.

**FORD GLOBAL TECHNOLOGIES, LLC.,**

          Defendant.
_____/

**HON. LAURIE MICHELSON**

**No. 15-10137**


**MOTION HEARING**

**Monday, July 6, 2015**

-   -   -

APPEARANCES:

For the Plaintiff:          PAUL KITTIGER, ESQ.
                            Assistant U.S. Attorney


For the Defendant:          MARK LORELLI, ESQ.

-   -   -

*To Obtain Certified Transcript, Contact:*
*Ronald A. DiBartolomeo, Official Court Reporter*
*Theodore Levin United States Courthouse*
*231 West Lafayette Boulevard, Room 238*
*Detroit, Michigan  48226*
*(313) 962-1234*

*Proceedings recorded by mechanical stenography.*
*Transcript produced by computer-aided transcription.*

2

1                          **I   N   D   E   X**

2 _____ Page

3 Motion hearing                                                4

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
1                            E  X  H  B  I  T  S

2    Identification_____Offered    Received

3

4                        N       O       N       E

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL*
*TECHNOLOGIES, LLC.*

4

```
 1                              Detroit, Michigan
 2                              Monday, July 6, 2015
 3
 4                          -   -   -
 5            THE CLERK:  Court calls Case Number 15-10137,
 6     Auto Body Parts Association versus Ford Global
 7     Technologies, LLC.
 8            Counsel state your appearances for the record.
 9            MR. KITTIGER:  Paul Kittiger for Auto Body
10     Parts Association.
11            MR. LORELLI:  Mark Lorelli of Brooks Kushman
12     for Ford Global Technologies.  Also present with me is
13     Linda Mettes and Amy Leshan, also of Brooks Kushman.
14            THE COURT:  Okay.  Good afternoon.  You may
15     be seated.
16            I have to figure out how I'm to go to start.
17            Mr. Kittiger?
18            MR. KITTIGER:  Yes.
19            THE COURT:  How familiar are you with the
20     case?
21            MR. KITTIGER:  I'm very familiar with the
22     case.
23            THE COURT:  Okay.  This case was transferred
24     from the Eastern District of Texas.  What's the status
25     that the -- plaintiffs indicated they will file a
```

1    mandamus.  What's the status of that?

2             **MR. KITTIGER:**  In lieu of the mandamus, we

3    filed a motion before this Court for dismissal based on

4    inappropriate transfer, which we think is premature, and

5    in violation of local Texas rules.  There were somewhat

6    procedurally complex matters in that transfer of venue.

7             **THE COURT:**  Hold on.  We'll get to that.

8             I just procedurally want to have a sense of where

9    you are, and what I should be ruling on vis-a-vis, what

10   the court of appeals might be ruling on.

11            So I took to mean that you would not be seeking

12   mandamus because yes, you filed in front of this Court a

13   motion to dismiss for lack of jurisdiction.

14            So is that a safe assumption that you're not

15   seeking mandamus?

16            **MR. KITTIGER:**  We're not seeking a mandamus

17   petition arising out of the Texas case at this point, but

18   depending how is this Court rules, my client may or may

19   not seek mandamus.

20            **THE COURT:**  Okay.  So the record is clear,

21   this case was transferred here from the Eastern District

22   of Texas.  At the time of the initial transfer, the

23   plaintiff indicated that they intended to seek mandamus

24   with the Court of Appeals.  Frankly, to be honest, I don't

25   know whether that's would be the Fifth Circuit or the

1    Federal Circuit because it's not a patent issue.  It's a

2    procedural issue, and we've been waiting, and that did not

3    happen.  A mandamus petition was not filed.  Certain

4    things have been filed in connection with this case here,

5    and virtually every turn the plaintiff has raised, the

6    issue is whether this Court has jurisdiction.

7         Then as Mr. Kittiger indicated, subsequently they

8    have filed a motion to dismiss for lack of jurisdiction.

9         There's also pending before me a motion to modify

10   the protective order that was filed by the defendants.

11   The briefing and response briefing the plaintiff again

12   raised that the Court does not have jurisdiction.

13        So clearly I need to resolve that issue first.  So

14   that's what I intend to do today.

15        So Mr. Kittiger, let me ask you, because I have

16   your motion -- I don't yet have a response from the

17   defendants and I recognize that -- is there anything in

18   addition that you would like to articulate other than

19   what's contained in the briefing, and why don't you come

20   up to the podium if you would.  Thank you.

21             **MR. KITTIGER:**  In the briefing and the

22   context of the motion to dismiss on the personal

23   jurisdiction?

24             **THE COURT:**  No, in connection with the motion

25   to dismiss for lack of jurisdiction for the improper

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL
TECHNOLOGIES, LLC.*

1    transfer.

2              **MR. KITTIGER:**  I believe my motion says it

3    all.  I mean, we have not received a response, but I don't

4    know what arguments we might raise in reply, what facts we

5    might emphasize in reply, but we contend that the

6    jurisdiction is improper for all the reasons stated in the

7    brief.

8              **THE COURT:**  Tell me what's happening.  As I

9    understand it procedurally, there are virtually identical

10   cases pending in the Eastern District of Texas and the

11   Northern District of Texas filed by the individual members

12   of the plaintiff group, is that correct?

13             **MR. KITTIGER:**  There are declaratory actions

14   in the Northern District of Texas, which is filed by the

15   New World entity and then a different entity which not

16   parties to anyone here, which is National Auto Parts, and

17   that raises issues with respect to the Ford F150 hood and

18   headlamps, and then there's the Eastern District of Texas

19   case Auto Lighthouse Plus, and that case has not been

20   served.

21             **THE COURT:**  Just give me in general, what's

22   the main difference between those cases and this case?

23             **MR. KITTIGER:**  Those cases are brought by the

24   individual entity, which are members of the Automotive

25   Body Parts Association.  This case was brought on an

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL
TECHNOLOGIES, LLC.*

1    associational standing theory where a different member

2    groups partnered together in context of marketing and

3    other functions as a trade association.

4          So as this action was filed, it raises the broad

5    defenses of -- or invalidity of defenses of functionality

6    and patent exhaustion.

7               **THE COURT:**  And what about in those cases?

8               **MR. KITTIGER:**  Those cases are declaratory

9    actions.  I have not appeared or involved in those cases.

10   I can tell you what I told you already about the status of

11   those cases.

12              **THE COURT:**  And let me be real direct about

13   it.  Clearly, you don't want to be here, and since there's

14   virtually an identical case in the Eastern District of

15   Texas where you want to be, and maybe the Northern

16   District of Texas, why not dismiss this case and get

17   involved in those cases?

18              **MR. KITTIGER:**  I mean, we sought dismissal of

19   this case based on the improper transfer.

20              **THE COURT:**  Well, you want me to basically

21   retransfer, right, or do you want me to dismiss the case?

22              **MR. KITTIGER:**  I mean, it's stated in the

23   briefing, either remedy, I think was raised in our request

24   for relief.

25              **THE COURT:**  I guess I'm not thinking in terms

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL*
*TECHNOLOGIES, LLC.*

1    of sending this case back there.  I'm thinking in terms of

2    for you all, why not get rid of this one and get involved

3    in the other ones, and deal with the same issues there?

4            MR. KITTIGER:  That's certainly a good point.

5    I actually was not prepared to argue the jurisdiction

6    motion today.  So it's not something that, you know, I'm

7    conversely with it, but I'm not particularly -- I didn't

8    study up on this over the weekend.

9            THE COURT:  Is there any mystery here?  What

10   happens if I send this back to Texas to Judge Mazzant?

11           MR. KITTIGER:  Well, there were a variety of

12   motions that were dismissed based on the claim lack of

13   jurisdiction that we would request be resolved.  I mean --

14           THE COURT:  When he had ruled on the motion

15   to disqualify, he said I'm not going to do that.  That he

16   ruled on.  So you have motion for reconsideration.

17           MR. KITTIGER:  Correct.

18           THE COURT:  Is there any sense that Judge

19   Mazzant will reverse the ruling on the transfer?

20           MR. KITTIGER:  Again, I think that the

21   transfer was improper.  I think that the ruling on the

22   motion was improper.  I think that the authorities we

23   cited in our brief were more consistent with the case law

24   developed by both the Fifth Circuit and Federal Circuit in

25   terms of where venue would be proper.

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL*
*TECHNOLOGIES, LLC.*

1         **THE COURT:**  And why?  Why doesn't the Midwest

2   court say that there is jurisdiction in the Court of

3   Appeals?  If a case is transferred prematurely, the Court

4   of Appeals can deal with it.

5         **MR. KITTIGER:**  It's our understanding that

6   the transfer of the case transfers the file, and then

7   jurisdiction goes with the possession of the physical

8   file.  So that once the case was transferred, all be

9   improperly as we contend, the jurisdiction to appeal that

10  order has been lost because the jurisdiction came with the

11  file.

12        **THE COURT:**  Is that what the Midwest court

13  said?  That's your main case?  Is that what they held?

14        **MR. KITTIGER:**  Again, I have not read that

15  case in a while since we briefed it.

16        **THE COURT:**  So then back to the main issue,

17  because I do agree that the main argument is this was

18  premature.  The Eastern District of Texas has a local rule

19  that the clerk should have waited 21 days from the date of

20  the judge's ruling before transferring the case here.

21       So I'm just trying to get a sense of efficiency,

22  economy, and I'm trying to understand, do you all want me

23  to send this case back to Judge Mazzant to have him wait

24  21 days to then transfer it here again?

25        **MR. KITTIGER:**  I would request that it be

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL
TECHNOLOGIES, LLC.*

1    sent back to him so he can rule on some of those motions

2    that were not ruled on for procedural reasons.  I mean, in

3    some circumstance he might determine to send it back.  I'm

4    not sure how he would work out those rulings, but under

5    the procedural rules we would be afforded time and notice

6    and hearing to be heard on that, and then we could seek

7    review of that ruling within the time period allowed.

8             **THE COURT:**  So is that the primary relief

9    that the plaintiffs are seeking, to have the ability to

10   have review of the ruling on the motion to transfer?

11            **MR. KITTIGER:**  It is.  I mean, we spelled out

12   the relief that we requested in our brief as well.

13            **THE COURT:**  Why can't you obtain that in this

14   Court?

15            **MR. KITTIGER:**  Because I'm not entirely

16   certain to be perfectly candid.  I was not prepared to

17   argue the jurisdiction motion today.  I was prepared on

18   the motion to modify the protective order.

19            **THE COURT:**  What would your argument be, that

20   I don't have jurisdiction to decide it?

21            **MR. KITTIGER:**  That was one argument, but

22   there's also additional arguments in terms of not meeting

23   the standard of good cause, not meeting the standard of

24   reliance.

25            **THE COURT:**  Right, the merits.

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL*
*TECHNOLOGIES, LLC.*

1          **MR. KITTIGER:**  The merits.

2          **THE COURT:**  But your first argument is going

3    to be I should not get to the merits because I don't have

4    jurisdiction.

5          **MR. KITTIGER:**  Right.

6          **THE COURT:**  So I would like to deal with the

7    jurisdictional, and certainly I think everybody understood

8    that probably I was going to have to deal with that.

9          All right.  Anything further you would like to

10   add?

11         **MR. KITTIGER:**  No.

12         **THE COURT:**  Thank you.

13         **MR. KITTIGER:**  Thank you.

14         **THE COURT:**  Mr. Lorelli, I understand you all

15   have not briefed this issue, but I know it's due I think

16   in the next week or so.  I sure it is something you have

17   given some thought to.  Just in general what's the

18   defendant's position?

19         **MR. LORELLI:**  Well, in general your Honor,

20   what was filed in the Eastern District of Michigan is bits

21   and pieces of the eight different briefs that were filed

22   in the Eastern District of Texas.

23         This Court has jurisdiction.  I think the writ of

24   mandamus issue is a red herring.  They have the ability --

25   this case, the agency that it was brought is a patent

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL
TECHNOLOGIES, LLC.*

1    case.  It goes to the Federal Circuit whether it is here

2    or whether in Texas.  The Federal Circuit has control over

3    this case in the appeals level.

4           THE COURT:  And they will decide the transfer

5    of venue issue?

6           MR. LORELLI:  They will decide a mandamus

7    motion.  I have not seen -- and I have researched it

8    extensively -- but I have not seen a case that got

9    transferred and mandamus granted.  A lot of cases,

10   especially from East Texas that didn't get transferred,

11   there was mandamus filed to the Federal Circuit, and the

12   Federal Circuit ordered the Texas court to transfer.

13   Those carry a big line of cases, the opposite.

14          So I've never seen a case that would say that

15   Judge Mazzant didn't have the ability and discretion to

16   transfer the case.

17          Actually it's interesting --

18          THE COURT:  Nobody is arguing that.  Clearly,

19   clearly he has the authority to issue the ruling that he

20   issued on the motion to transfer.  The issue is did the

21   clerk's office transfer it before the expiration of the 21

22   days under their local rule?

23          MR. LORELLI:  Judge Mazzant addressed that in

24   the order and said it was fine.

25          THE COURT:  Why did he have jurisdiction to

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL TECHNOLOGIES, LLC.*

1    issue that order?

2            **MR. LORELLI:**  He had jurisdiction to issue

3    that order because he was directed to the Texas local

4    rules is probably the best answer that I have, your Honor.

5    It was directed to his order, although the case at that

6    time had been transferred.

7            Interestingly, and I think this goes into the pot

8    of stew, these two additional cases that were filed down

9    in Texas -- the first one was filed in East Texas -- Judge

10   Mazzant was drawn and decided not to serve it, and they

11   picked a different party, and filed it in North Texas to

12   get a different judge.  This whole process smells, and we

13   would like to get the case moving in the appropriate

14   forum.

15           **THE COURT:**  Sure.  And I understand that.  As

16   you all can see, I'm struggling.  I've got very technical

17   legal issues on one side, but they are significant

18   important jurisdictional issues, and then I have the issue

19   of what's really going on here.  I'm trying to conceive of

20   any way that this case doesn't come back to me, that what

21   goes back to Texas is a motion for reconsideration, and I

22   do think that issue can be dealt with here.  I think the

23   plaintiffs have a right to move for retransfer.  I think

24   they get that relief, but I've got to the deal with the

25   fact that a jurisdictional issue has been raised, and I'm

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL*
*TECHNOLOGIES, LLC.*

1    trying to figure out from your perspective what's your

2    sense of direction if I send this case back to Texas for

3    Judge Mazzant to fix it?

4          I agree he already indicated in his order, I

5    think, what he would do, send it back, or he waits 21

6    days, or he doesn't, or he says no, I'm not waiting.  I

7    meant my order to mean immediate.  I didn't use the word,

8    but that's clearly that's what I meant.  I'm directing the

9    clerk to immediately transfer the case.

10         Then I suppose the plaintiff moves to stay that,

11   and there's appellate consideration or a motion for

12   reconsideration in front of the judge.  None of us dispute

13   what Judge Mazzant would do.  Plaintiffs argue we have a

14   right to see what he would do.

15         Is that consistent what you all think would happen

16   if I send it back to Texas, or what's your sense if I sent

17   it back to Texas?

18              MR. LORELLI:  Well, my sense is that since we

19   got from the last order from Judge Mazzant, this case is

20   transferred, and he as not dealing with it anymore.  I

21   think that's what the appeals court is there for.  The

22   first time we talked on the phone, they said we're going

23   to file our writ of mandamus, and it's been almost three

24   months, and we're here now with the same briefing that was

25   already denied in Texas sitting before you, and I have not

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL
TECHNOLOGIES, LLC.*

1    had the opportunity to dive into that briefing, but it

2    doesn't change the facts that they filed a case in the

3    district that defendant was not there nor the plaintiff

4    was there.  The case never belonged in East Texas, and we

5    finally get to a place where it belongs, and we're dealing

6    with eight motions for reconsideration or reconsider this

7    or take the same brief, call it something else, and file

8    it in a different court.

9         It's just frustrating your Honor, but I don't

10   think there a jurisdictional issue here.  You have it.  If

11   they want to object to that, they can go to the Federal

12   Circuit like they said three months ago.

13        **THE COURT:**  Well, it gets back to the

14   question that I asked you before.  If the case was

15   transferred prematurely, and the only way you can argue

16   that no, it wasn't, because Judge Mazzant intended the

17   order to mean immediate because he ruled in March, it was

18   after the case was transferred at the time when argument

19   can be made that he didn't have jurisdiction to issue that

20   ruling.

21        **MR. LORELLI:**  If it goes back to him and he

22   says -- he waits 21 days to transfer it, denies all the

23   motions for reconsideration or that we obviously briefed

24   against because it didn't have any merit that the case

25   shouldn't be there.

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL
TECHNOLOGIES, LLC.*

1          I know you're dealing with procedural issues, but

2     whether Judge Mazzant issued that order on the

3     reconsideration is still I think irrelevant to this

4     Court's jurisdiction.  The case was transferred.

5     Twenty-one days didn't pass.

6               **THE COURT:**  Right.  I guess you take the

7     hypothetical.  Take a different hypothetical, and say

8     Judge Mazzant said oh, I didn't think the clerk was going

9     to transfer it so quickly.  I meant for you all have the

10    21 days.  Would I have jurisdiction?

11              **MR. LORELLI:**  Would you have jurisdiction?

12              **THE COURT:**  Because the case had been

13    transferred.

14              **MR. LORELLI:**  Sure.  Say if he didn't

15    intend -- well, okay, hypothetical, that he wanted 21 days

16    there.  They filed a motion for reconsideration, but the

17    facts at the end of the day there's no party there.  No

18    matter what they filed in their reconsideration motion and

19    all of the other motions they filed in front of the judge

20    doesn't change anything.

21              **THE COURT:**  Well, sure.  It gets denied.

22    That doesn't resolve the issue whether I have

23    jurisdiction.  Those are separate issues.

24              **MR. LORELLI:**  Again, leading to the same

25    result, but I understand where you're coming from.

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL
TECHNOLOGIES, LLC.*

1              THE COURT:  Okay.  Go ahead.  Anything

2     further that you would like to add on this issue?

3              MR. LORELLI:  On the jurisdictional issue no,

4     your Honor.  We just would like to move ahead obviously.

5              THE COURT:  Thank you.  I understand.

6          Mr. Kittiger anything further you would like to

7     add?

8              MR. KITTIGER:  Not on the jurisdictional

9     issue.

10              THE COURT:  Okay.  We're going to take a five

11    minute recess.

12

13                    (Recess taken.)

14

15                (Proceedings resumed.)

16

17              THE CLERK:  Recalling Case Number 15-10137,

18    Automotive Body Parts Association versus Ford Global

19    Technologies, LLC.

20          Would the parties restate their appearances on the

21    record?

22              MR. KITTIGER:  Paul Kittiger for ABPA.

23              MR. LORELLI:  Mark Lorelli of Brooks and

24    Kushman, along with Linda Mettes and Amy Leshan for Ford

25    Global Technologies, LLC.

     15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL
                        TECHNOLOGIES, LLC.

1              **THE COURT:**  Okay.  Please be seated.

2         I appreciate your patients while we took some

3    additional time.

4         Counsel, I do recognize and appreciate here that

5    we noticed this for a hearing on Ford Global's motion to

6    modify the protective order, which is Docket 9.

7         As I indicated though in connection with that

8    motion, the plaintiff's raised the issue that this Court

9    lacks jurisdiction, and in the course of preparing for

10   this motion, I saw that argument and realized that I need

11   to deal with that as a threshold matter, and that is a

12   separate pending motion, the motion to dismiss.  Let's see

13   if I have the exact title, which I do, Plaintiff's Motion

14   Requesting that the Court Decline Jurisdiction of This

15   Case, and Direct the Clerk to Transfer the Case File Back

16   to the Eastern District of Texas, which is Docket 17.

17        So while the parties were not here necessarily

18   prepared to argue that motion, certainly, they needed to

19   be prepared to do so because it is a threshold issue, and

20   so I am going to first address ABPA's claim that the Court

21   lacks jurisdiction over this case because the case

22   transfer from the Eastern District of Texas to the Eastern

23   District of Michigan was in violation of the Eastern

24   District of Texas Local Rule CV-83(b), and therefore

25   premature and void, and that's ABPA's motion to decline

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL*
*TECHNOLOGIES, LLC.*

1    jurisdiction, Paragraph 1.

2        On January 7, 2015, Judge Mazzant, M-a-z-z-a-n-t,

3    issued an order that says, quote, based on the foregoing,

4    the court finds that the defendant Ford Global

5    Technologies, LLC's motion to transfer venue to the

6    Eastern District of Michigan is hereby granted.  The clerk

7    is directed to transfer this case to the United States

8    District Court for the Eastern District of Michigan, end

9    quote, and that's the Eastern District of Texas Docket

10   Number 62.

11       The case was then docketed in the Eastern District

12   of Michigan on January 14, 2015.

13       Eastern District of Texas Local Rule CV-83(b) says

14   in relevant part, quote, absent an order of the court to

15   the contrary, no sooner than the 21st day following an

16   order of the court transferring the case to another

17   district, or remanding it to the appropriate state court,

18   the clerk shall transmit the case file to the directed

19   courts, end quote.

20       Given that only one week passed before the

21   transfer, the Court can understand ABPA's argument that

22   the case transfer was premature.  Indeed, ABPA received a

23   voice mail message from the clerk's office in Texas

24   indicating the transfer was premature and advising that

25   ABPA should, quote, file that motion to reconsider in the

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL*
*TECHNOLOGIES, LLC.*

1    case, and it will be ruled upon, end quote, and that's

2    Docket 17, Motion to Decline Jurisdiction at 10.

3         But the primary case relied on by the plaintiff,

4    Midwest Motor Express v Central State Southeast, 70 F.3d

5    1014, Eighth Circuit 1995, does not indicate that the

6    affect of an improper transfer is that this court, the

7    transferee court is without jurisdiction.  It deals more

8    with whether the transferor court retains jurisdiction.

9         The concern -- and I understand the concern that

10   such an issue poses of whether two courts are exercising

11   jurisdiction over the same case at the same time.

12        As the Midwest court stated, quote, the rule that

13   jurisdiction follows the file, avoids the procedural and

14   jurisdictional snarl that would likely ensue of two courts

15   were simultaneously working on the same case.  We need not

16   worry about any such conflicts here because the Northern

17   District of Illinois declined jurisdiction over the

18   transferred file, end quote, and that's Midwest 70 F.3d at

19   1016.

20        So that case the issue of simultaneous

21   jurisdiction was not a problem because the transferee

22   court declined jurisdiction.

23        Here, the transferor has said it is no longer

24   exercising jurisdiction.  So I see no reason that this

25   Court lacks jurisdiction.

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL*
*TECHNOLOGIES, LLC.*

1          Alternatively, on April 2, 2015, Judge Mazzant
2    issued an order denying ABPA's motion to vacate.  Judge
3    Mazzant stated that, quote, ABPA's reliance on Eastern
4    District of Texas Local Rule CV-83(b) was misguided as the
5    undersigned's memorandum order and opinion concludes just
6    such an order, directing the clerk to transfer this case
7    immediately to the United States District Court for the
8    Eastern District of Michigan, end quote, and that's
9    Eastern District of Texas Docket Number 93.
10          The April 2015 order relevant in two ways -- at
11   least two ways that I can see:
12          First, while the general rule is that jurisdiction
13   follows the file, and this case was docketed here before
14   Judge Mazzant issued his April 2015 order, I find that the
15   transferor court, i.e., Judge Mazzant, retained authority
16   to decide the limited issue of whether the transfer is
17   premature.
18          Such a decision is similar to a court deciding
19   whether it has subject matter jurisdiction.  No one doubts
20   that even if the Court lacks subject matter jurisdiction,
21   it may decide threshold issues, such as complaint pleads a
22   federal question, whether the parties are completely
23   diverse, or whether the amount in controversy has been
24   satisfied.  Indeed, in answering these questions, the
25   Court has authority to permit the parties to engage in

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL
TECHNOLOGIES, LLC.*

1    discovery directed toward jurisdictional issues.

2         And again, I'm going to point to the Midwest Motor

3    case.  I believe that further supports this Court's

4    finding that Judge Mazzant had authority to decide whether

5    the transfer was premature.  There, the Court of Appeals

6    for the transferor court ruled that the general rule that

7    jurisdiction follows the file is of questionable legal

8    effect where the file was transferred prematurely.  The

9    critical point, however, for present purposes, is that

10   Court of Appeals for the transferor court had authority to

11   answer the question of whether the file was transferred

12   prematurely, that's Id.  See also Emblaze, E-m-b-l-a-z-e,

13   versus Apple Inc., 2011 Westlaw 2419802, Southern District

14   of New York 2011, paren, quote, generally a decision

15   transferring is case can only be reconsidered or appealed

16   through a writ of mandamus if the petitioner acts prior to

17   receipt of the action's papers by the clerk of the

18   transferee court to file the petition for the writ or a

19   motion in the transferor court to stay the order.

20   However, there's an expectation to this rule where the

21   district court has acted hastily in transferring the

22   case's papers such that a diligent petitioner would be

23   precluded from seeking mandamus, end quote, end paren.

24        Although the Midwest court ultimately found that

25   the filed transferred prematurely, and Judge Mazzant

15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL
                    TECHNOLOGIES, LLC.

1    ultimately found here that the file in this case was not,

2    the Court does not believe the authority to answer the

3    question of premature transfer should turn on the answer.

4    When a court ultimately concludes that it lacks subject

5    matter jurisdiction, that does not render its decision on

6    that issue improper or without legal effect.

7         Accordingly, the Court finds that Judge Mazzant

8    had authority to answer the question whether the transfer

9    was premature.

10        As such, Judge Mazzant's finding that the

11   transfer was not premature, is entitled to great deference

12   from this Court as law of the case.  See for example,

13   Christianson, C-h-r-i-s-t-i-a-n-s-o-n versus Colt,

14   C-o-l-t, 486 U.S. 800 1988, and this Court finds that it

15   cannot say that Judge Mazzant's conclusion that the file

16   was not transferred prematurely is clearly erroneous.  The

17   Court appreciates that a reasonable litigant or clerk's

18   office employee might read Judge Mazzant's January 2015

19   transfer order as not directing immediate transfer.  But

20   when Judge Mazzant specifically said, quote, the clerk is

21   directed to transfer this case to the United States

22   District Court for the Eastern District of Michigan, end

23   quote, this Court can understand how a clerk's office

24   employee might interpret that statement as requiring

25   immediate action, and Judge Mazzant has explained that he

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL
TECHNOLOGIES, LLC.*

1    intended his ordered to mean, quote, immediately, end

2    quote.

3            The Court also cannot say there's any manifest

4    injustice to ABPA from deferring to Judge Mazzant's

5    finding that the transfer was not premature.  Judge

6    Mazzant has issued an R & R on the original briefing on

7    the motion to transfer.  Then Judge Mazzant considered

8    ABPA's objections to his R & R and issued an order that

9    this case should be transferred here.  There's no doubt --

10    or I should say little doubt about what Judge Mazzant

11    would do if this case was sent back to the Eastern

12    District of Texas, and this will be discussed in a moment

13    or two.  ABPA is not without legal recourse giving it

14    review of the transfer decision.

15            Accordingly, I find that Judge Mazzant had

16    authority to answer the question of whether the transfer

17    was premature, and under the law of the case doctrine,

18    that decision was not fairly erroneous and is not

19    manifestly unjust to ABPA.  As such, there's no reason for

20    me to decline to exercise jurisdiction, and ABPA's motion

21    will be denied nor that reason as well.

22            Alternatively, another alternatively, even if

23    Judge Mazzant's April 2015 order lacks the force of law

24    and thus the law of the case doctrine does not apply to

25    that order, I find that I have authority to amend Judge

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL*
*TECHNOLOGIES, LLC.*

1    Mazzant's January 2015 transfer order under Federal Rule

2    of Civil Procedure 60(a) to reflect his intent at the time

3    he issued that order.

4           Rule 60(a) says, quote, the court may correct a

5    clerical mistake or a mistake arising from oversight or

6    omission whenever one is found in a judgment, order, or

7    other part of the record.  The court may do so on motion

8    or on its own, with or without notice, end quote.

9           The purpose is to allow district courts to

10    conform orders to reflect the court's intent at the time

11    of the order.  See Sartin, S-a-r-t-i-n, versus McNair Law

12    Firm PA, 756 F.3d 259 at 265 and 266 Fourth Circuit 2014,

13    stating, quote, Rule 60(a) is not confined just to fixing

14    typographical or clerical errors.  The rule's text also

15    authorizes a court to correct the mistake arising from

16    oversight or omission.  Such a mistake occurs when there

17    is an inconsistency between the text of an order or

18    judgment, and the district court's intent when it entered

19    the order or judgment, citing cases from the Sixth, Ninth,

20    Federal and Tenth Circuit Courts of Appeals.  See also

21    Garamendi, G-a-r-a-m-e-n-d-i versus Henin, H-e-n-i-n, 683

22    F.3d 1069 at 1078, Ninth Circuit 2012, quote, Rule 60(a)'s

23    touchstone is fidelity to the intent behind the original

24    judgment, end quote, In re Walter, 282 F.3d 434 at 441,

25    Sixth Circuit 2002, stating, quote, a court properly acts

1    under Rule 60(a) when it is necessary to correct mistakes

2    other oversights that cause the judgment to fail to

3    reflect what was intended at the time of trial, end quote.

4         Although it has been said that, quote, if an

5    error affects the substantive rights of the parties, it

6    must be corrected under the provisions of Rule 60(b), end

7    quote, and Olle, O-l-l-e, versus Henry & Wright Corp, 910,

8    F.2d 357 at 363 to 64, Sixth Circuit 1990, this statement

9    should not be interpreted strictly literally.

10        Consider this example, at oral argument on a

11   motion to transfer, the district judge explains how every

12   relevant consideration strongly favors transfer to the

13   Western District of Michigan, but then when the judge goes

14   to enter the corresponding order, he writes, quote, the

15   clerk is directed to immediately transfer this case to the

16   United States District Court for the Eastern District of

17   Michigan, end quote, inadvertently substituting Easter for

18   Western.  And so the same day as the order is entered, the

19   clerk transfer the case to Western District.  This would

20   be a clerical mistake within 60(a)'s plain language, even

21   if a correction of the order to reflect the judge's

22   manifest intent at oral argument would substantially

23   affect how the case would be litigated and thus, the

24   substantive rights of the parties.

25        More importantly, the Fifth Circuit, which the

15-10137; *AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL*
*TECHNOLOGIES, LLC.*

1    Sixth Circuit relied upon in Olle, has recently clarified

2    this issue. In Rivera, R-i-v-e-r-a, versus PNS Stores,

3    Inc., the Fifth Circuit acknowledged the case law

4    indicating that, quote, a judgment that affects the

5    substantive rights of the parties is beyond the scope of

6    Rule 60(a), end quote, but then explained, quote, the

7    relevant inquiry under Rule 60(a) is not whether making

8    the correction have any effect on the parties' rights and

9    obligations under the judgment.  Most of the time it will.

10   Rather, the question is whether granting the motion would

11   require the district court either to adjudicate an issue

12   it has not previously reached or to make a substantive

13   modification to a prior adjudication.  When the record

14   makes it clear that an issue was actually litigated and

15   decided, but was incorrectly recorded in or inadvertently

16   omitted from the judgment, the district court can correct

17   the judgment under Rule 60(a), even where doing so

18   materially changes the parties' positions and leaves one

19   party to the judgment in a less advantageous position.

20   That's 647 F.3d 188 at 198 to 200.

21          The Court finds that Judge Mazzant's April 2,

22   2015 order is the best evidence of what he intended when

23   he directed transfer to this Court on January 7, 2015.

24   Not only does Judge Mazzant say that his January 7, 2015

25   order that he, quote, directed the clerk to transfer this

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL
TECHNOLOGIES, LLC.*

1    case immediately to the United States District Court for

2    the Eastern District of Michigan, end quote, he also

3    explicitly finds that ABPA needed to seek a stay to have

4    delayed the transfer to this Court.

5            To the extent that ABPA would argue that this

6    Court lacks authority to clarify Judge Mazzant's

7    January 2015 order under Rule 60(a), this Court would

8    disagree.

9            There is case law indicating that a transferee

10   court can invoke Rule 60(a) to amend an order entered by

11   the transferor court.  See for example, In re Platinum Oil

12   Properties, LLC, 465 B.R. 621 at 651, and that's the

13   District of New Mexico Bankruptcy Court 2011 stating,

14   quote, ordinarily, a motion to correct the mistake under

15   Rule 60(a) should be made to the court that rendered the

16   order or judgment, but it seems to this court that the

17   practical justification for this rule is that the

18   transferee court typically does not know the intent of the

19   transferor court, and that it is thus the transferor court

20   that is in the best or only position to invoke Rule 60(a),

21   and clarify the transfer order.

22           But here, as discussed, Judge Mazzant has made

23   his intent manifestly clear.  In April 2015, he explicitly

24   said that his transfer order was intended to have

25   immediate effect.

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL
TECHNOLOGIES, LLC.*

1    Indeed, the Court doubts it lacks authority, for

2    example, to modify or vacate a scheduling or protective

3    order issued by a transferor court, should that court have

4    failed the vacate those orders prior to transfer.

5    Moreover, the Court notes that there's also case

6    law indicating that a transferee court can decide a motion

7    for reconsideration of the transferor court's transfer

8    orders.  See, for example, Hamilton versus Geithner,

9    G-e-i-t-h-n-e-r, 2009 Westlaw 1683298, Eastern District of

10   Virginia, 2009.  If a transferee court has authority to

11   grant that motion for reconsideration, and therefore,

12   modify or vacate or overrule the transferor court's

13   transfer order, then a fortiori, it has authority to amend

14   the transferor court's transfer order under Rule 60(a).

15   Accordingly, the Court finds that even if Judge

16   Mazzant did not have authority to decide whether the

17   transfer was premature, this Court finds that his

18   January 7, 2015 order was intended to and did require an

19   immediate transfer to this Court.  As such, the transfer

20   was not premature, and the Court will not decline to

21   exercise jurisdiction.

22   So given that the Court has decided that this

23   case is properly before it, it takes this opportunity to

24   further clarify how this case will proceed procedurally,

25   and this also pertains to the issue of whether there is

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL
TECHNOLOGIES, LLC.*

1    any manifest injustice to ABPA.

2          The Court's research has revealed that, although

3    this Court does not sit as a Court of Appeals over the

4    Eastern District of Texas, it does have authority to

5    adjudicate a motion to transfer this case back to the

6    Eastern District of Texas, i.e., a motion to retransfer.

7    See Moses versus Business Cards, 929 F.2d 1131 Sixth

8    Circuit 1991, finding where the lower court determined

9    that it had, quote, the power to consider the motion to

10   retransfer, end quote, to the Northern District of

11   Alabama, but denied retransfer under the law of the case

12   doctrine, that the lower court's decision was not an abuse

13   of discretion.  See also Hill versus Henderson, 195 F.3d

14   671 at 677 D.C. District 1999, stating, quote, a party

15   transferred against its will can indirectly secure at

16   least partial review of the transfer in the transferee

17   circuit by filing a motion for retransfer, the denial of

18   which is clearly reviewable by the Court of Appeals of the

19   transferee district, end quote.

20         Accordingly, the Court will grant ABPA leave to

21   file a motion to retransfer, and in so doing, the Court

22   reminds ABPA that its burdens is a heavy one.  This Court

23   intends to treat Judge Mazzant's January 7, 2015 transfer

24   order as law of the case, and under that doctrine, Judge

25   Mazzant's order should continue to govern the same issues

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL*
*TECHNOLOGIES, LLC.*

1    in subsequent states of this case, end quote, and that's

2    the Sixth Circuit opinion in Moses, 929 F.2d at 1137.

3            Moreover, quote, because of the possibility of

4    forcing a transfer case into perpetual litigation by

5    playing jurisdictional ping-pong, the law of the case

6    doctrine applies with even greater force to transfer

7    decisions than to decisions of substantive law, end quote

8    and that's Id. to Moses.  See also In re Cragar,

9    C-r-a-g-a-r Industries, 706 F.2d -- F.3d -- I'm sorry --

10   706 F.2d 503 at 505 Fifth Circuit 1983, stating, quote, if

11   the motion to transfer is granted and the case is

12   transferred to another district, the transferee district

13   should accept the ruling on the transfer as the law of the

14   case, and should not retransfer except under the most

15   impelling and unusual circumstances or if the transfer

16   ordered is manifestly erroneous, end quote.  This policy

17   avoids the, quote, additional potential mischief of

18   tossing cases back and forth to the detriment of an

19   adjudication of the underlying merits of the case and

20   respect due sister courts, end quote.  See also Scooter,

21   S-c-o-o-t-e-r, Store, Inc. versus Spinlife.com, 2010 U.S.

22   District Lexus 98124 Southern District of Ohio 2010, and

23   Stringfellow versus S.D. Warren Company, 1991 U.S.

24   District Lexus 16479, Western District of Michigan 1991.

25           The Court also briefly addresses ABPA's

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL*
*TECHNOLOGIES, LLC.*

1    assertion that, quote, if this Court declines jurisdiction

2    and orders the clerk to return the case file to the

3    Eastern District of Texas, then the Eastern District of

4    Texas will have jurisdiction to consider all the above

5    motions.  If ABPA is dissatisfied with the rulings on the

6    motion to disqualify and the motions concerning the

7    transfer of venue, then ABPA can file a petition for writ

8    of mandamus against the Eastern District of Texas, and the

9    jurisdiction of the Federal Circuit will be clear, end

10   quote, and that's ABPA motion to decline jurisdiction at

11   24.

12          It appears that this Court need not decline

13   jurisdiction for ABPA to file a writ of mandamus directed

14   to Judge Mazzant.  See Hill versus Henderson, 195 F.3d 671

15   at 677 D.C. Circuit 1991, stating, quote, a possible

16   explanation for finding transfer orders non-reviewable in

17   the transferee circuit is that such orders are usually

18   effectively subject to immediate review via mandamus in

19   the circuit of the transferring court, end quote, and NBS

20   Imaging, 841 F.2d at 297 to 298, Ninth Circuit 1998,

21   reiterating that the, quote, docketing of a case in an out

22   of circuit transferee court effectively completes a

23   Section 1404(a) transfer so as to deprive this Court of

24   appellate jurisdiction, end quote, but holding that the

25   court nevertheless had jurisdiction to issue a writ of

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL
TECHNOLOGIES, LLC.*

1    mandamus, quote, in extraordinary circumstances involving

2    a grave miscarriage of justice, end quote.

3           So in sum, Judge Mazzant's April 2015 order,

4    whether it be an order with force of law or merely

5    conclusive evidence of his intent on January 7, 2015,

6    combined with the facts that this case was transferred and

7    docketed with this Court, warrants denying ABPA's motion

8    requesting that the Court decline jurisdiction of this

9    case, and direct the clerk to transfer case file back to

10   the Eastern District of Texas.

11          I am going to issue an order to that effect, and

12   within 14 days of the entry of that order, ABPA may file a

13   mandamus petition and or motion to retransfer the case to

14   the Eastern District of Texas given I hope due

15   consideration to the issues raised in my ruling.

16          And so what I'm going to do counsel, I'm going

17   to adjourn the hearing and the ruling on the motion to

18   modify the protective order, given that there are still

19   some procedural issues on the transfer issue.

20          I agree with everybody that we need to move this

21   case along, and that is and was a threshold issue.

22          I also have a sense that if that resolves the

23   issue -- I don't know what the plaintiff is going to do --

24   but if it just means this case stays here, that might go a

25   long way toward resolving the motion to modify the

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL
TECHNOLOGIES, LLC.*

1    protective order, and by that I mean that this

2    jurisdictional issue may have been more of an impediment

3    on that motion than the actual merits.  It might be

4    something that you all have the ability to work out,

5    because Mr. Kittiger, if I understand it, we're talking

6    about the same party providing the same discovery to the

7    same lawyers that they provided in the other case that's

8    pending in the Eastern District of Michigan.

9            MR. KITTIGER:  It's different parties, your

10   Honor.

11           THE COURT:  In terms of who they are seeking

12   the discovery from to modify the protective order, isn't

13   that the same party?

14           MR. KITTIGER:  It's not.

15           THE COURT:  And who is the different party?

16           MR. KITTIGER:  This case is the ABPA versus

17   Ford Global.  The other case is Ford Global versus New

18   World, Auto Lighthouse and UCC, which are three member

19   entities.

20           THE COURT:  Right.  They are different

21   plaintiffs, but the issue in the motion to modify the

22   protective order, as I understand it, is to use discovery

23   obtain knew world whether than redo you.

24           MR. KITTIGER:  Ford requesting reuse some

25   discovery prior some knew world nonparty some of it was

*15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL
TECHNOLOGIES, LLC.*

1     ABPA.

2              **THE COURT:**  So it would be using discovery

3     from New World and ABPA that the same lawyers have already

4     obtained from those parties.

5              **MR. KITTIGER:**  They have obtained it in the

6     ABPA case.

7              **THE COURT:**  Okay.  All right.  Let's see

8     where we are in the two weeks here with this

9     jurisdictional issue, and then I will reschedule the

10    hearing on the motion to modify the protective order if

11    that's not something that you all are able to work out,

12    and I believe we're also going to bring you in to have a

13    status conference to do a scheduling orders.

14             Okay.  Anything further that anybody wants to put

15    on the record this afternoon?

16             Mr. Kittiger?

17             **MR. KITTIGER:**  No, your Honor.

18             **THE COURT:**  Mr. Lorelli?

19             **MR. LORELLI:**  No, your Honor.

20             **THE COURT:**  All right.  Thank you.

21

22                    (Proceedings concluded.)

23                     -    -    -

24

25

                *15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL*
                             *TECHNOLOGIES, LLC.*

1             **C E R T I F I C A T I O N**

2            I, Ronald A. DiBartolomeo, official court

3     reporter for the United States District Court, Eastern

4     District of Michigan, Southern Division, appointed

5     pursuant to the provisions of Title 28, United States

6     Code, Section 753, do hereby certify that the foregoing is

7     a correct transcript of the proceedings in the

8     above-entitled cause on the date hereinbefore set forth.

9            I do further certify that the foregoing

10    transcript has been prepared by me or under my direction.

11

12    _____          _____
      Ronald A. DiBartolomeo, CSR                        Date
13    Official Court Reporter

14                          -   -   -

15

16

17

18

19

20

21

22

23

24

25

          *15-10137; AUTOMOTIVE BODY PARTS ASSOCIATION v. FORD GLOBAL*
                          *TECHNOLOGIES, LLC.*