UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AUTOMOTIVE BODY PARTS ASSOCIATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FORD GLOBAL TECHNOLOGIES, LLC,<br><br>　　　　Defendant. | Case No. 2:15-cv-10137<br>Honorable Laurie J. Michelson<br>Magistrate Judge Michael J. Hluchaniuk |

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO RETRANSFER [23]**

This patent case was filed in November 2013. Now approaching two years later, this case has not reached the merits as Automotive Body Parts Association continues to dispute which court should hear this case: this one or the federal district court in Texas where the case was filed.

About two months ago, ABPA filed a motion for this Court to decline jurisdiction over this case. (Dkt. 17.) ABPA's primary argument was that the clerks' office for the United States District Court for the Eastern District of Texas transferred the case to this judicial district too soon. To be more specific, only a week after United States District Judge Amos L. Mazzant's January 7, 2015 order "direct[ing] [the clerk] to transfer this case to the United States District Court for the Eastern District of Michigan," the clerks' office in Texas sent the case here. But a local rule in the Eastern District of Texas provides, "[a]bsent an order of the court to the contrary, no sooner than the *twenty-first day* following an order of the court transferring the case to another district court[,] . . . the clerk shall transmit the case file to the directed court." E.D. Tex. LR CV-83(b) (emphasis added).

Less than a month ago, the Court held a hearing on a related motion and, for reasons provided at great length on the record, denied ABPA's motion asking this Court to decline jurisdiction. (*See generally*, Dkt. 22, July 6, 2015 Hr'g Tr.) A written order summarizing this Court's oral ruling followed:

> [T]his Court has jurisdiction over this case because (1) the case file has been transferred to this Court and Judge Amos L. Mazzant has declined jurisdiction; (2), in the first alternative, Judge Mazzant retained authority even after the file was transferred here to decide the limited issue of whether the transfer was premature, he ruled that the transfer was not premature, and the law-of-the-case doctrine justifies deferring to that finding; and (3), in the second alternative, this Court can sua sponte amend Judge Mazzant's January 2015 transfer order to reflect his intent at the time of the order under Rule 60(a) and his intent was for an immediate transfer as manifested in his April 2015 order.

(Dkt. 21, July 6, 2015 Order Denying Pl.'s Mot. to Decline Jurisdiction at 1–2.) At the conclusion of the written order, this Court granted ABPA "leave to file, within 14 days, a motion to retransfer or writ of mandamus." (*Id.* at 2.)

ABPA has elected to try the former route first. (Dkt. 23, Pl.'s Mot. to Retransfer.) But its motion to retransfer is not directed to the reasoning of Judge Mazzant's January 7, 2015 transfer order. Nor does the motion focus on ABPA's assertion that it was improper for Judge Mazzant to adopt his own report and recommendation to transfer this case. (Judge Mazzant was the magistrate judge assigned this case prior to his elevation to a district judge.) Instead, ABPA's motion essentially asks this Court to reconsider its July 6, 2015 ruling.

In particular, ABPA says this Court twice erred. As to the first alternative ruling ("Judge Mazzant retained authority even after the file was transferred here to decide the limited issue of whether the transfer was premature, he ruled that the transfer was not premature, and the law-of-the-case doctrine justifies deferring to that finding"), ABPA says that this Court erred because (1) Judge Mazzant lost jurisdiction once the case was transferred here (i.e., the law says that

2

jurisdiction follows the file) and (2) no deference is owed to Judge Mazzant's ruling that this case was not transferred prematurely as that determination was clearly erroneous. (Pl.'s Mot. to Retransfer ¶ 6.) As to the second alternative ruling ("this Court can sua sponte amend Judge Mazzant's January 2015 transfer order to reflect his intent at the time of the order under Rule 60(a) and his intent was for an immediate transfer as manifested in his April 2015 order"), APBA argues that this Court erred because a Rule 60(a) amendment of an order is improper where "it affects the substantive rights" of the parties. (*Id.* at ¶ 7.)

The Court does not appreciate ABPA asking for reconsideration under the guise of a motion for retransfer. In granting ABPA leave to file a motion to retransfer, the Court expected that ABPA would get to the merits of Judge Mazzant's January 7, 2015 transfer order, in particular, Judge Mazzant's assessment of the eight public and private interest factors informing his decision to transfer the case here.

Additionally, upon consideration of ABPA's motion to retransfer and the transcript of the July 6, 2015 hearing, the Court is convinced that its reasoning as stated withstands ABPA's challenges. *Cf.* E.D. Mich. LR 7.1(h)(3) ("Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case."). The Court thus does not find it productive to restate its July 6, 2015 ruling.

But the Court does take this opportunity to point out that ABPA's attack on this Court's second alternative ruling is not only unsupported by law, but that the Court already explained to

ABPA why this is so. To be clear, ABPA's position is not that a transferor court cannot amend a transfer order under Federal Rule of Civil Procedure 60(a) to reflect the intent of the transferee court at the time that the transferee court issued its transfer order. (*See* Pl.'s Mot. to Retransfer at 7–9.) Instead, ABPA argues that this Court cannot amend Judge Mazzant's transfer order under Rule 60(a) to reflect his intent at the time he ordered transfer because the amendment would affect the "substantive rights of the ABPA." (Pl.'s Mot. to Retransfer ¶ 7; *see also id.* at 7 ("[A]n amendment cannot be made under Rule 60(a) because it affects the substantive rights of ABPA.") This Court anticipated and addressed this very argument when it ruled on July 6, 2015.

> In particular, this Court explained:
>
> Although it has been said that, ["]if an error affects the substantive rights of the parties, it must be corrected under the provisions of Rule 60(b),["] *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 363 (6th Cir. 1990),] this statement should not be interpreted strictly literally.
>
> Consider this example[:] at oral argument on a motion to transfer, the district judge explains how every relevant consideration strongly favors transfer to the Western District of Michigan, but then when the judge goes to enter the corresponding order, he writes, quote, the clerk is directed to immediately transfer this case to the United States District Court for the Eastern District of Michigan, end quote, inadvertently substituting Easter[n] for Western. And so the same day as the order is entered, the clerk transfer[s] the case to Western District. This would be a clerical mistake within [Rule] 60(a)'s plain language, even if a correction of the order to reflect the judge's manifest intent at oral argument would substantially affect how the case would be litigated and thus, the substantive rights of the parties.
>
> More importantly, the Fifth Circuit, which the Sixth Circuit relied upon in *Olle*, has recently clarified this issue. In *Rivera [v.] PNS Stores, Inc.*, the Fifth Circuit acknowledged the case law indicating that, quote, a judgment that affects the substantive rights of the parties is beyond the scope of Rule 60(a), end quote, but then explained, quote,
>
>> *the relevant inquiry under Rule 60(a) is not whether making the correction ha[s] any effect on the parties' rights and obligations under the judgment. Most of the time it will*. Rather, the question is whether granting the motion would require the district court either to adjudicate an issue it has not previously reached or to make a

4

> substantive modification to a prior adjudication. When the record makes it clear that an issue was actually litigated and decided, but was incorrectly recorded in or inadvertently omitted from the judgment, the district court can correct the judgment under Rule 60(a), even where doing so materially changes the parties' positions and leaves one party to the judgment in a less advantageous position.
>
> That's 647 F.3d 188 at 198 to 200.

(Dkt. 22, July 6, 2015 Hr'g Tr. at 28–29 (some paragraphing altered, emphasis added)); *see also Olle v. Henry & Wright Corp.*, 910 F.2d 357, 363 (6th Cir. 1990) ("[T]he *Fifth Circuit* held that if an error affects the substantive rights of the parties, it must be corrected under the provisions of Rule 60(b)." (emphasis added)); *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 198–200 (*5th Cir. 2011*) ("The relevant inquiry under Rule 60(a) is not whether making the correction will have any effect on the parties' rights and obligations under the judgment. Most of the time, it will. . . . Whether a mistake is correctable under Rule 60(a) turns on whether the judgment reflects the actual intention of the court, not the shared understanding of the parties. . . . That the parties accurately comprehended the literal terms of the judgment does not establish that the judgment accurately conveyed the results of the court's adjudication."). ABPA's motion to retransfer fails to adequately address this Court's July 6, 2015 explanation, and in particular, *Rivera*.

ABPA does cite *Keeley v. Grider*, 590 F. App'x 557 (6th Cir. 2014), in support of its claim that a Rule 60(a) amendment is not available where the amendment affects the substantive rights of the parties. (*See* Pl.'s Mot. to Retransfer at 8.) But, in fact, the Court cited *Rivera* and *Olle* together for this rule of law: "Rule 60(a) cannot be used to alter the 'substantive rights of the parties' *in a manner different from what was intended when the judgment was entered*." *Keeley*, 590 F. App'x at 559 (emphasis added).

As this Court explained on July 6, 2015, Judge Mazzant's April 2, 2015 order, where he explicitly stated that his January 2015 transfer order directed the clerk's office to transfer the case here "immediately," is the best evidence of his intent when he entered his transfer order. The Court disagrees with ABPA that because Judge Mazzant issued two orders after his January 2015 transfer order (including one denying ABPA's motion to disqualify Judge Mazzant), his April 2, 2015 statement is incredible. (*See* Pl.'s Mot. to Retransfer at 9.) So Rule 60(a) is fully applicable here, and this Court was correct to amend Judge Mazzant's January 7, 2015 transfer order to reflect his contemporaneous intent as explicitly manifested on April 2, 2015.

This Court has said enough on whether this case should be before it. The Court will not entertain any further motions on the propriety of the case being transferred to the Eastern District of Michigan. If ABPA continues to believe that this case should not be here, its recourse is in the Federal Circuit Court of Appeals. ABPA's Motion to Retransfer (Dkt. 23) is DENIED.

SO ORDERED.

                          s/Laurie J. Michelson
                          LAURIE J. MICHELSON
                          UNITED STATES DISTRICT JUDGE

Dated: August 17, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 17, 2015.

                          s/Jane Johnson
                          Case Manager to
                          Honorable Laurie J. Michelson