NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In re: AUTOMOTIVE BODY PARTS ASSOCIATION,**
*Petitioner*

2015-156

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Michigan in No. 2:15-cv-10137-LJM-MJH, Judge Laurie J. Michelson.

**ON PETITION**

Before LOURIE, DYK, and HUGHES, *Circuit Judges*.

DYK, *Circuit Judge*.

**O R D E R**

The Automotive Body Parts Association ("ABPA") brought the underlying action against Ford Global Technologies, LLC in the United States District Court for the Eastern District of Texas. On Ford's motion, the case was transferred to the United States District Court for the Eastern District of Michigan. After the Michigan court denied retransfer, ABPA filed this petition challenging the retransfer ruling, a challenge premised on the initial transfer being void under the Texas court's local rules.

2:15-cv-01375-LJM-MJD Document 803 Filed 12/17/15 Pg 2 of 3 PageID 491
Case 3:15-cv-01156-MJR Document 13 Filed 12/17/2015

2                            IN RE: AUTOMOTIVE BODY PARTS ASSN.

Under applicable regional circuit law, we review a district court's decision to deny a motion to retransfer for abuse of discretion. *See Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). Moreover, ABPA is seeking mandamus relief, an extraordinary and drastic remedy that may only be granted upon a showing of a clear and indisputable right to relief. *See Kerr v. U.S. Dist. Court for N. D. of Cal.*, 426 U.S. 394, 402–03 (1976).

The Texas court's local rule in question, CV-83(b), provides, in relevant part, that "[a]bsent an order of the court to the contrary, no sooner than the twenty-first day following an order of the court transferring the case to another district court . . . the clerk shall transmit the case file to the directed court . . . If a timely motion for reconsideration . . . has been filed, the clerk shall delay mailing or transferring the file until the court has ruled[.]"

The Eastern District of Texas issued its order transferring the case on January 7, 2015. It concluded its transfer order by stating: "The Clerk is directed to transfer this case to the United States District Court for the Eastern District of Michigan." No motion for reconsideration having been filed, the Clerk, on January 14, 2015, mailed the Eastern District of Michigan a certified copy of the order and the original papers in the file.

Believing that the Clerk's failure to wait 21 days rendered the transfer void, ABPA sought reconsideration from the Texas court. The Texas court denied reconsideration, concluding the January 7, 2015 order directed the Clerk to act contrary to the usual rule and transfer immediately. ABPA then raised the same challenge before the Michigan court, which denied ABPA's motions to decline jurisdiction and retransfer, deferring to the Texas court's findings on CV-83(b) as the law of the case.

ABPA has no clear right to retransfer. A judge's subsequent statements may help illuminate the actual intent behind an issued order. *See e.g., Sartin v. McNair Law*

IN RE: AUTOMOTIVE BODY PARTS ASSN. 3

*Firm PA,* 756 F.3d 259, 266 (4th Cir. 2014); *In re Jee,* 799 F.2d 532, 535 (9th Cir. 1986). The Texas court's statements in its denial of reconsideration were clearly probative, and the Michigan court found that those statements were the best indication of the meaning behind the directive to the Clerk in the January 7, 2015 order. We decline to second guess the court's determination on mandamus.

ABPA argues that the Texas court's interpretation should be given no weight because, at the time, that court had relinquished jurisdiction over the case. But ABPA cannot have it both ways. It cannot ask for relief from the Texas court in seeking to have the transfer declared premature, and then credibly argue that the Texas court's reconsideration decision is a nullity after receiving an unfavorable ruling.

Moreover, ABPA did not lack a "meaningful alternative legal remed[y]" to obtain retransfer. *Canadian Tarpoly Co. v. U.S. Int'l Trade Comm'n,* 640 F.2d 1322, 1325 (C.C.P.A. 1981). The Michigan court gave ABPA an adequate opportunity to seek retransfer by challenging the merits of the transfer decision. ABPA simply elected to forgo that avenue of obtaining the relief it seeks.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

                          FOR THE COURT

                          /s/ Daniel E. O'Toole
                          Daniel E. O'Toole
                          Clerk of Court

s19