UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| AUTOMOTIVE BODY PARTS ASSOCIATION, § § § Plaintiff, § v. § § FORD GLOBAL TECHNOLOGIES, LLC, § § Defendant. § | CIVIL ACTION NO. 2:15-CV-10137-LJM-MJH Hon. Laurie Michelson |

### PROTECTIVE ORDER

Plaintiff AUTOMOTIVE BODY PARTS ASSOCIATION and Defendant FORD GLOBAL TECHNOLOGIES, LLC, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information. The Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c). It is hereby stipulated among the Parties and ORDERED that:

1.  Plaintiff's position is that this case should not have been transferred to this Court and that this Court does not have personal jurisdiction over Plaintiff, and by entering into this Stipulated Protective Order, Plaintiff is not waiving its position.

2.  This Protective Order shall apply to all information, documents and things subject to discovery in this Action produced either by a party or a non-party in discovery in this Action and shall include without limitation this litigation and any adjunct subpoena proceedings incident hereto before any tribunal including, without limitation, testimony adduced at deposition upon oral examination or upon written questions, answers to interrogatories, documents and things

produced, information obtained from inspection of premises or things, and answers to requests for admission, or information disclosed pursuant to subpoena under Fed. R. Civ. P. 45.

3. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

4. Any document produced under Eastern District of Texas Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

5. With respect to documents, information or material designated "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY," ("DESIGNATED

MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

6.  A designation of Protected Material (i.e., "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY," both individually and collectively.

7. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a) outside counsel of record in this Action for the Parties;

(b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d) up to and including five (5) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e) outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto, nor employed by member companies of the association plaintiff, for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto, provided a current curriculum vitae, listing his or her current employer and identifying (by name and number of the case, filing date, and location of court) any litigation in connection with which the consultant or expert has offered expert testimony, including through a

declaration, report, or testimony at a deposition or trial, during the preceding five years, and the same is served upon the producing Party at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, translators and photocopy, document imaging, information technology, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g) the Court and its personnel.

8. A Party shall designate documents, information or material as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material. The parties shall avoid mass, indiscriminate, or routinized designations.

9. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED

MATERIAL, shall be used by the Parties only in the litigation between the parties to this Action and/or in litigation with New World International, Inc., United Commerce Centers, Inc., and/or Auto Lighthouse Plus, LLC, including for example, Ford Global Technologies, LLC v. New World International, et. al., Case No. 2:15-cv-10394-LJM-MJH (E.D. Mich) and New World International, Inc., et. al v. Ford Global Technologies, LLC, Case No. 3:15-cv-01121-M (N.D. Tex.) and shall not be used for any other purpose. Nothing in this Protective Order shall amend the terms of the Stipulated Protective Order for Purposes of Jurisdictional Discovery Only (Doc. #31) entered on July 17, 2015 in case no. 2:15-cv-10394-LJM-MJH (E.D. Mich.).  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

10. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate  such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY."

11. For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and (e-g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities. Information DESIGNATED MATERIAL shall not be made available, directly or indirectly or through paraphrasing, by the persons receiving it to any unauthorized persons. Information DESIGNATED MATERIAL shall be used by authorized persons solely for purposes of this litigation. The party or parties receiving DESIGNATED MATERIAL shall not under any

7

circumstances sell, offer for sale, advertise, or publicize DESIGNATED MATERIAL or any information contained therein.

      14.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

      15.    Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL" or "RESTRICTED - ATTORNEY' EYES ONLY" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

16. Any DESIGNATED MATERIAL that is filed with the Eastern District of Texas shall be filed under seal pursuant to the rules of that court. Other than for documents (1) produced and labeled "CONFIDENTIAL" or "RESTRICTED - ATTORNEY' EYES ONLY" in this case prior to January 18, 2016 and (2) produced and used for jurisdictional briefing in Ford Global Technologies, LLC v. New World International, et. al., Case No. 2:15-cv-10394-LJM-MJH (E.D. Mich), this Order does not by itself authorize the filing of any material under seal in the Eastern District of Michigan. Before filing any DESIGNATED MATERIAL with the Eastern District of Michigan other than documents (1) produced and labeled "CONFIDENTIAL" or "RESTRICTED - ATTORNEY' EYES ONLY" in this case prior to January 18, 2016 and (2) produced and used for jurisdictional briefing in Ford Global Technologies, LLC v. New World International, et. al., Case No. 2:15-cv-10394-LJM-MJH (E.D. Mich), the filing party must seek to file the material under seal or challenge the confidential designation.

A party seeking to file under seal DESIGNATED MATERIAL under the above terms must move the Court or file a stipulated proposed order, consistent with Local Rule 5.3 prior to the due date for the document for permission to file the document under seal. If a party obtains permission to file a document under seal under the above terms, it must also (unless excused by the Court) file a public-record version that excludes DESIGNATED MATERIAL. If a party wishes to file DESIGNATED MATERIAL that was produced by the opposing party in the public record, the party must advise the producer no later than five business days before the document is due to be filed and then, to maintain the confidentiality of the material, the party designating the material as confidential must move the Court to require the document to be filed under seal.

Any DESIGNATED MATERIAL produced and labeled "CONFIDENTIAL" or "RESTRICTED - ATTORNEY' EYES ONLY" in this case prior to January 18, 2016 and (2) produced and used for jurisdictional briefing in Ford Global Technologies, LLC v. New World International, et. al., Case No. 2:15-cv-10394-LJM-MJH (E.D. Mich) that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. At any time after the delivery of DESIGNATED MATERIAL, counsel for the party or parties receiving the DESIGNATED MATERIAL may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the DESIGNATED MATERIAL. If the parties are unable to agree as to whether the confidential designation of DESIGNATED MATERIAL is appropriate, the party or parties receiving the DESIGNATED MATERIAL shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the DESIGNATED MATERIAL Thereafter, the party or parties disclosing or producing the DESIGNATED MATERIAL shall have ten (10) days from the date of certification to file a motion for protective order with regard to any DESIGNATED MATERIAL in dispute. The party or parties producing the DESIGNATED MATERIAL shall have the burden of establishing that

the disputed DESIGNATED MATERIAL are entitled to confidential treatment. If the party or parties producing the DESIGNATED MATERIAL do not timely file a motion for protective order, then the DESIGNATED MATERIAL in dispute shall no longer be subject to confidential treatment as provided in this Order. All DESIGNATED MATERIAL is entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of DESIGNATED MATERIAL is entitled to confidential treatment.

18. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

19. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as " RESTRICTED -- ATTORNEYS' EYES ONLY" in accordance with this Order.

20. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into

any privileged memoranda of the Parties, materials which have been admitted into evidence in this Action, and briefing and other materials submitted to the Court), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

21. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

22. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

23. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

24. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

25. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

26. The parties agree that where a document production request seeks production of an attorney-client privileged communication between the responding party and its litigation counsel, or materials subject to protection as work product under Fed.R.Civ.P. 26(b)(3), dated on or after the date the original complaint was filed in this action, the party responding to the request need not list such documents on its privilege log. In addition, any work product of prior litigation involving similar subject matter to the present lawsuit need not be listed on its privilege log.

27. This Protective Order shall not bar any attorney of record in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of Designated Material produced or exchanged in this action where such information is material to the scope of the attorney's representation of his or her client. However, in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the substance of the contents of any "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" information produced by another party where that disclosure would be contrary to the terms of this Protective Order.

28. In the event any person or party that has possession, custody, or control of any information designated as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" that is covered by this Protective Order receives a subpoena or other process or order to produce such information, such person or party shall notify promptly, in writing, counsel for the party designating as confidential the documents sought by such subpoena or other process or order, shall furnish a copy of said subpoena or other process or order, and shall cooperate in any procedure sought to be pursued by the party whose interests may be affected. The party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or process or order shall be entitled to comply with it except: (a) to the extent the party asserting the confidential treatment is successful in obtaining an order modifying or quashing it; and (b) in complying with the process or order shall, at a minimum, seek to obtain confidential treatment of the "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" information before producing it pursuant to the subpoena, process or order.

29. The provisions of this Protective Order that restrict the disclosure and use of Designated Material shall survive the final disposition of this action and continue to be binding on all persons subject to its terms, except that (a) there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

30. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE

Dated: January 21, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 21, 2016.

                                              s/Jane Johnson
                                              Case Manager to
                                              Honorable Laurie J. Michelson

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| AUTOMOTIVE BODY PARTS ASSOCIATION, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | 2:15-CV-10137-LJM-MJH |
| FORD GLOBAL TECHNOLOGIES, LLC, | § § § § | Hon. Laurie Michelson |
| Defendant. | § | |

# APPENDIX A
# UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

I, _____, declare that:

1. My address is _____.

2. My current employer is _____.

3. My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" that

16

came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action. I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____