UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AUTOMOTIVE BODY PARTS ASSOCIATION,<br><br>    Plaintiff,<br><br>v.<br><br>FORD GLOBAL TECHNOLOGIES, LLC,<br><br>    Defendant. | Case No. 2:15-cv-10137<br>Honorable Laurie J. Michelson<br>Magistrate Judge Michael J. Hluchaniuk |

## ORDER REGARDING JANUARY 2017 DEPOSITIONS

On New Year's Eve 2016, Ford's counsel emailed the Court regarding the permissible scope of questioning during depositions to take place the first week of January 2017. Ford's counsel asserted that opposing counsel would "not permit any questioning of the New World witnesses on any issue that is outside the two-patent scope of the ABPA case." (The ABPA case refers to this case, *Automotive Body Parts Association v. Ford Global Technologies, LLC*, Case No. 15-10137 (E.D. Mich. filed January 14, 2015).) Apparently, counsel for New World, Auto Lighthouse, United Commerce, and ABPA ("New World/ABPA") had told Ford's counsel that "discovery should not go forward in the FGTL v. New World case [(15-10394)] until the Court has ruled on the stay issue," that "[a]ll [Ford's] deposition notices were captioned with the ABPA v. FGTL case," and that "the categories [in Ford's 30(b)(6) notices] exceed[ed] the scope of relevant discovery in the ABPA case."

With no response from counsel for New World/ABPA forthcoming on January 1, 2017, the Court emailed the parties on January 2, 2017 as follows:

Dear Counsel:

When the Court reopens on Tuesday morning, it will enter an order identical in all material respects to the following:

On December 16, 2016, the Court asked the parties for supplemental briefing on whether a stay may be appropriate in the Ford v. New World case as a result of the Supreme Court granting certiorari in *TC Heartland LLC v. Kraft Food Brands Grp. LLC*, No. 16-341, 2016 WL 4944616 (U.S. Dec. 14, 2016).  No stay has yet been issued. Thus, the parties may and should continue to pursue discovery in both the Ford and the ABPA cases that are presently pending in this Court, including next week's depositions that have been scheduled for some time. This discovery will be useful regardless of which venue ultimately ends up deciding these cases. The parties may place on the record at the beginning of the depositions any objections they have and the depositions will then be taken subject to these objections. The witnesses shall answer all questions subject to the narrow limitations in the Federal Rules of Civil Procedure (e.g., privilege).

Consistent with the Court's January 2, 2017 email, the Court orders that the parties continue to pursue discovery in both the Ford and the ABPA cases that are presently pending in this Court, including this week's depositions; that the parties place on the record at the beginning of the depositions any objections they have and the depositions will then be taken subject to these objections; and that the witnesses answer all questions subject to the narrow limitations in the Federal Rules of Civil Procedure (e.g., privilege).

SO ORDERED.

Dated: January 3, 2017

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 3, 2017.

s/Keisha Jackson
Case Manager