# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **AUTOMOTIVE BODY PARTS ASSOCIATION,** | |
| Plaintiff, | Case No. 2:15-cv-10137-LJM-SDD |
| v. | Hon. Laurie Michelson |
| **FORD GLOBAL TECHNOLOGIES, LLC** | |
| Defendant. | |

# FORD GLOBAL'S NOTICE ON LACK OF SUBJECT MATTER JURISDICTION OVER THE ABPA DJ CASE IN ACCORD WITH COURT ORDER (DN 54)



The Court requested briefing on "whether this case is moot" given the statement that "FGTL is not asserting infringement of the two patents in the ABPA case." (DN54). That statement not only shows the mootness of the declaratory judgment case brought by the ABPA,[1] but the ABPA has long known that no case or controversy existed on those two patents.

FGTL made the same representations to the Northern District of Texas in Case No. 3:15-cv-01121-M ("NDTX case"). As FGTL stated <u>two years</u> ago, the ABPA is "not entitled to an advisory opinion about those patents without any imminent threat that FGTL will assert those patents." NDTX case, DN31, p.5. FGTL affirmatively represented:

- "... no charge of infringement is or will be pending on the present two patents." NDTX case, DN39, p.4.
- "DJ standing does not exist when the patentee has affirmatively shown that it does not intend to assert infringement of the patents in suit." NDTX case, DN14, p.21.
- "FGTL does not intend to assert those two particular patents against [New World and associated company]." NDTX case, DN31, p.4-5.

In addition to multiple clear record statements, FGTL took direct action by amending its complaint to <u>drop</u> the two patents from the New World suit in March 2015. Case No. 2:15-cv-10394, DN15.

Subject matter jurisdiction boils down to whether an "actual case or controversy" exists between the parties as required by Article III of the US Constitution. In *Already, LLC v. Nike, Inc.*, the Supreme Court held that a covenant

---

[1] The mootness of the case is separate from the ABPA failure of proof on its own appearance-as-functionality theory. FGTL (again) pointed out its lack of intent to sue New World on the two patents in the ABPA suit, after the ABPA motion "assume[d] *arguendo* that FGTL will be able to prove" infringement. (DN39, p.6, fn1).



not to sue a declaratory judgment plaintiff moots a controversy between the parties and defeats declaratory judgment jurisdiction. 133 S.Ct. 721, 732 (2013).

DJ standing does not exist. A controversy can be mooted by affirmative statements during litigation – a formal covenant is not required.[2] For example, in *Cisco Sys., Inc. v. Alberta Telecommunications Research Ctr.*, 538 F. App'x 894, 898 (Fed. Cir. 2013), the court held that an interest in suit is "simply insufficient to give rise to a current, justiciable case or controversy upon which federal declaratory judgment jurisdiction may be predicated" when the patentee stated – in court and without a formal covenant not to sue – that it did not intend to sue the DJ plaintiff on the patents in suit. Similarly, in *Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 718 F.3d 1350, 1357–58 (Fed. Cir. 2013), subject matter jurisdiction over the DJ case was lacking after the patentee stated that it "does not assert and has no intention of asserting patent-infringement claims." The court representations that disclaimed any intent to sue mooted the case. *Id.*

FGTL has stated in court documents going back to 2015 that it does not intend to sue on those two patents. The FGTL representations moot any potential controversy.[3] A justiciable case or controversy does not exist.

---

[2] Other courts have found that "there is no substantial controversy of sufficient immediacy to warrant declaratory judgment" after counsel for the DJ defendant "advised the Court that it did not intend to pursue claims." *Sasol N. Am., Inc. v. GTLPetrol, L.L.C.*, 2017 WL 1063462, at *1–2 (5th Cir. Mar. 20, 2017); *see also Tech Pharmacy Servs., LLC v. Alixa Rx LLC*, 2016 WL 7157483, at *2 (E.D. Tex. Dec. 8, 2016); *Crypton Future Media, Inc. v. Hologram USA, Inc.*, 2015 WL 5234042, at *4 (D. Del. Sept. 8, 2015).

[3] FGTL stated that "a formal covenant can be addressed if requested by the Court." DN31, p.5, fn3; *see also PPG Indus., Inc. v. Valspar Sourcing, Inc.*, 2017 WL 526116, at *2 (Fed. Cir. Feb. 9, 2017) (covenant that eliminated any infringement charge necessitated the conclusion that the case is moot).



                Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated: May 25, 2017

  /s/ Linda D. Mettes
Marc Lorelli (P63156)
Frank A. Angileri (P45611)
Linda D. Mettes (P69182)
Amy C. Leshan (P69328)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel: (248) 358-4400 / Fax: (248) 358-3351
Email: mlorelli@brookskushman.com
        fangileri@brookskushman.com
        lmettes@brookskushman.com
        aleshan@brookskushman.com

*Attorneys for Defendant*



# CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on May 25, 2017, I electronically filed the foregoing **FORD GLOBAL'S NOTICE ON LACK OF SUBJECT MATTER JURISDICTION OVER THE ABPA DJ CASE IN ACCORD WITH COURT ORDER (DN 54)** with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System: _____.

**BROOKS KUSHMAN P.C.**

 /s/ Linda D. Mettes
Frank A. Angileri (P45611)
Marc Lorelli (P63156)
Linda D. Mettes (P69182)
Amy C. Leshan (P69328)
1000 Town Center, 22nd Floor
Southfield, MI 48075
Tel: (248) 358-4400/Fax: (248) 358-3351
Email: fangileri@brookskushman.com
mlorelli@brookskushman.com
lmettes@brookskushman.com
aleshan@brookskushman.com

*Attorneys for Defendant*

