UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| AUTOMOTIVE BODY PARTS ASSOCIATION,  §<br>§<br>§<br>  Plaintiff,  §<br>v.  §<br>  §<br>FORD GLOBAL TECHNOLOGIES, LLC,  §<br>  §<br>  §<br>  Defendant.  § | CIVIL ACTION NO.<br><br>2:15-CV-10137-LJM-MJH<br><br>Hon. Laurie Michelson |

# **BRIEF IN RESPONSE TO ORDER TO BRIEF WHETHER THIS CASE IS MOOT**

Dated: May 25, 2017

Respectfully submitted,

| | |
|---|---|
| Robert G. Oake, Jr.<br>Texas State Bar No. 15154300<br>Oake Law Office<br>700 S. Central Expy., Suite 400<br>Allen, Texas 75013<br>(214) 207-9066<br>rgo@oake.com | Paul M. Kittinger (P72754)<br>CARDELLI LANFEAR, P.C.<br>322 W. Lincoln<br>Royal Oak, MI 48067<br>(248) 544-1100<br>pkittinger@cardellilaw.com |
| Attorney for ABPA | Attorney for ABPA |

In *Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 718 F.3d 1350, 1357–59 (Fed. Cir. 2013), the Court held that because Monsanto "unequivocally" disclaimed any intent to sue for certain activities, there was no case or controversy to be decided in a declaratory judgment action. In a case decided just last week, *Arcelormittal v. AK Steel Corp.*, 2016-1357 (Fed. Cir., May 16, 2017), the Court stated that declaratory judgment jurisdiction was retained because "[a]t no time before the court entered summary judgment did ArcelorMittal *unconditionally* assure Defendants and their customers that it would never assert RE'153 claims 24 and 25 against them." The court distinguished *Organic Seed Growers,* stating "[t]he conditional nature of the covenant's delivery here differentiates this case from others where we have found jurisdiction defeated by less than a fully executed covenant not to sue. *See, e.g., Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, [citation omitted] (finding that a party's "representations *unequivocally* disclaim[ing] any intent to sue appellant[s]" were, as a matter of judicial estoppel, sufficient to bind the representing party (emphasis added))." *Id.* at 10, 11.[1]

As this Court notes, in Doc. 112, n. 4, FGTL states "FGTL is not asserting infringement of the two patents in the ABPA case." This statement is not an

---

[1] In reaching its decision, the court referenced the "all circumstances" test from *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) and explained that it was making its decision "[t]aking into account 'all the circumstances,' … on the particular, unusual facts of this case. *Arcelormittal* at 5, 8.

unequivocal statement that it, e.g., will never assert these two patents against any member of the ABPA or their customers. Therefore, under the Federal Circuit case law cited above, the statement does not affect the declaratory judgment standing of the ABPA in this case. Further, it is not necessary that FGTL assert infringement in the case for there to be declaratory judgment standing. Rather, if FGTL charged a member of the ABPA with patent infringement (as FGTL did, *see* Doc. 46, Case 4:13cv00705, EDTX), then declaratory judgment standing exists. *See 3M Company v. Avery Dennison Corp.*, 673 F.3d 1372, 1379 (Fed. Cir. 2012) (citing *Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 96 (1993) ("[a]nd, of course, if 'a party has actually been charged with infringement of the patent, there is, necessarily, a case or controversy adequate to support [declaratory judgment] jurisdiction.")).

Finally, the issue of mootness has been addressed by New World in briefing in a related case. *See New World v. FGTL*, Case No. 3:15-cv-01121(NDTX), (Doc. 26, pgs. 16-18, Doc. 36-1, pgs. 3, 4). If FGTL makes enforcement representations beyond that referred to by this Court, ABPA requests additional briefing to respond.

Respectfully submitted,

/s/ Robert G. Oake, Jr.
Robert G. Oake, Jr.
Texas State Bar No. 15154300
Oake Law Office
700 S. Central Expy., Suite 400
Allen, Texas 75013
(214) 207-9066, rgo@oake.com
Attorney for ABPA

/s/ Paul M. Kittinger
Paul M. Kittinger (P72754)
CARDELLI LANFEAR, P.C.
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
pkittinger@cardellilaw.com
Attorney for ABPA

## **CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on May 25, 2017, I electronically filed the foregoing Document with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System: None.

/s/ Robert G. Oake, Jr.
Attorney for Defendants
Texas State Bar No. 15154300
Oake Law Office
700 S. Central Expy., Suite 400
Allen, Texas 75013
(214) 207-9066
rgo@oake.com

Attorney for ABPA