UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| AUTOMOTIVE BODY PARTS ASSOCIATION, § § § Plaintiff, § v. § § FORD GLOBAL TECHNOLOGIES, § LLC, § § Defendant. § | § § § § § § § § § § § | CIVIL ACTION NO. 2:15-CV-10137-LJM-MJH HON. LAURIE J. MICHELSON |

| | | |
|---|---|---|
| FORD GLOBAL TECHNOLOGIES, § LLC, § § Plaintiff, § v. § § NEW WORLD INTERNATIONAL, § INC., § AUTO LIGHTHOUSE PLUS, LLC, § and UNITED COMMERCE § CENTERS, INC., § § Defendants. § | § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:15-CV-10394-LJM-MJH HON. LAURIE J. MICHELSON HON. MICHAEL HLUCHANIUK |

### NOTICE OF OBJECTIONS AND RESPONSES TO FGTL'S ALLEGED FACTS

Plaintiff Automotive Body Parts Association (ABPA) and Defendants New World International, Inc., Auto Lighthouse Plus, LLC, and United Commerce Centers, Inc. (New World Defendants) file these Objections and Responses to FGTL's alleged facts, respectfully showing as follows:

1

Preliminary Statement

These responses and objections are being filed by the ABPA and the New World Defendants subject to and without waiving the New World Defendants' position that venue is improper in this district. Ford Global Technologies, LLC (FGTL) did not properly follow the local rules regarding statements of fact and responding to statements of fact in the summary judgment procedure. The parties then engaged in a process of attempting to draft and submit a proposed joint statement of facts for the Court. The parties were able to agree on some facts, but FGTL withdrew from the process and submitted its own statement of facts. ABPA and the New World Defendants object to FGTL submitting its own statement of facts outside of the summary judgment procedure as provided for in the local rules and outside of the supplemental procedure suggested and permitted by the Court.

With permission of the Court granted at the teleconference hearing on May 25, 2017, ABPA and the New World Defendants submit the following additional specific objections and responses to FGTL's alleged facts. They are set forth to clarify the legal and factual issues involved with the motions for summary judgment and to explain when facts asserted by FGTL are contested by ABPA and the New World Defendants or when the alleged facts are not relevant. These specific objections and responses will not prevent the Court from granting summary judgment in favor of ABPA on the issues of functionality and patent exhaustion.

| # | FGTL ALLEGED FACTS | OBJECTIONS/RESPONSES |
|---|---|---|
| 25 | The designs of the Patents-in-Suit possess ornamentation (i.e., aesthetics). | 35 U.S.C. §171 requires that a design be "ornamental" to be patentable and ABPA and the New World Defendants contend the designs of the Patents-in-Suit are functional and not ornamental.  FGTL also appears to equate ornamentation with aesthetics, but a design need not be aesthetically pleasing to be ornamental.  *See Seiko Epson v. Nu-Kote*, 190 F.3d 1360, 1368 (Fed. Cir. 1999). |
| 26 | Alternative designs for the parts at issue are available in the marketplace for use in the place of the automotive components at issue. | The relevant consideration is the "design at issue" and not the "part at issue" for the patents at issue that claim portions of parts and not complete parts.  Alternative designs for the "parts at issue" is therefore not the relevant consideration. |
| 27 | The designs of the patents-in suit are not required for the components to fit properly on a Ford vehicle. Parts exist that have a different design from the original part and fit on Ford vehicles, including mating with surrounding parts. Performance parts for the parts at issue exist and fit on the Ford F-150 and Ford Mustang at issue. | The relevant consideration is the "design at issue" and not the "parts" for the patents at issue that claim portions of parts and not complete parts.  The factual support listed refers to alternative parts and not alternative designs for the portions claimed in the patents at issue. |
| 28 | The designs of the patents-in suit are not required for the components to perform the functions of the original part. Existing parts that have a different design from the original part do perform all mechanical and/or electrical utilities of the original part. | ABPA and the New World Defendants contend that the designs of the patents in suit are functional in that the concept of functionality is not limited to mechanical and electrical utility as explained in the summary judgment briefing. |

| | | |
|---|---|---|
| 29 | Consumer do choose between parts with the original equipment design or an alternative part design when having a damaged automobile repaired. Some vehicle purchasers will install automotive parts having a different appearance from the original equipment parts of a vehicle. | ABPA and the New World Defendants contend that it is rare for a consumer to repair a damaged vehicle with a repair part that does not have the same appearance as the original part on the vehicle. Case No. 2:15-cv-10394, Doc. 105, p. 39 of 229 (Expert Report of Patricia S. Zimmerman) ("When I worked at Sterling Auto Body, there were only two times that I recall the owner of a vehicle not wanting the repair part to match the original part on the vehicle. One of these times involved wheels and one time it involved a bumper. When I worked at Sterling Auto Body, I do not ever recall repairing a damaged vehicle with a hood or head lamp that did not match the appearance of the original hood or head lamp on the vehicle.") |
| 30 | Alternative parts are available from Ford for the 2005 Mustang, including four different trim levels that include different fascias/bumpers and hoods. | Not relevant |
| 31 | Alternate parts are available for the 2004 F-150 vehicle, including four different trim levels, e.g., at least four different looking grilles. | Not relevant |
| 32 | A performance part for a hood, headlamp or other part have "some design or shape that gives it some aesthetic appeal" different from a Ford design, but the part would "mate and fit" with the original vehicle. | Not relevant |
| 33 | Joseph Tsai represented that the functionality relied upon by the ABPA and New World "is the | The exact Q and A on 20:5-9 was "[f]or your functionality defense, what is the function that you claim |

4

| | | |
|---|---|---|
| | design" itself, i.e., the design appearance or "the aesthetic appeal." | that Ford's design patents serve? A. The function is the design. Q. Meaning the look of the part; correct? A. Yes, the aesthetic appeal. |
| 34 | New World has asserted that the Accused Parts are not covered by any of the Patents-in-suit. | FGTL has accused the New World Defendants of design patent infringement and the New World Defendants contend that the differences between the Patents-in-Suit and the Accused Parts are such that Plaintiff will be unable to prove design patent infringement under the ordinary observer test. Ex. 35, Int. No. 1. [1] |
| 35 | FGTL is not asserting infringement of the two patents in the ABPA case. | FGTL accused one or more ABPA members of infringing one or more of the two patents in the ABPA case (which created DJ standing) and ABPA asserts that its members are not infringing FGTL's design patents because, "*inter alia*, the design patents are invalid and/or unenforceable under the doctrines of patent exhaustion and/or functionality." Case 4:13cv00705 Doc. 48 ¶16 |
| 36 | New World purchases and imports parts from Taiwan companies that produce copies of OEM parts | Not relevant for purposes of the motions for summary judgment. |

---

[1] FGTL argues that a stipulation by New World that the "Accused Patents-in-Suit" cover the design of the automotive parts used by Ford on the 2005 Ford Mustang and the 2004 Ford F-150 is a necessary predicate to the ABPA/New World position on functionality. That is incorrect. ABPA and the New World Defendants contend that allegations by FGTL that the Patents-in-Suit cover the accused designs create the right of ABPA and New World to assert the functionality defense in response to FGTL's allegations and under the circumstances of this case. FGTL also states that "FGTL is not asserting infringement of the two patents in the ABPA case." However, FGTL did accuse at least one ABPA member of infringing the two patents in the ABPA case and that accusation created associational standing.

5

| | | |
|---|---|---|
| | through computer scanning. | |
| 37 | The Accused Parts take the place of the automotive part that is removed in the entirety from the vehicle. | It is the design that is accused and the design is only a portion of the part. |
| 38 | New World offers for sale "new aftermarket parts that includes <u>replacements</u> for automotive lighting, hoods, fenders, bumper covers, and other collision parts." (emphasis added). | Not relevant for purposes of the motions for summary judgment because it is the vehicle that is being repaired. |
| 40 | Body shops repair rather than replace damaged automotive parts about half the time; repair (as opposed to replacement) of patented parts is not at issue as it is permitted under exhaustion law. | It is the vehicle that is being repaired and repair is permitted under exhaustion law under the circumstances of this case. The importance of the patent exhaustion doctrine to the repair of vehicles was recently expressly recognized by the United States Supreme Court in *Impression Products, Inc. v. Lexmark International, Inc.*, 581 U.S. ___, *7 (2017), where the Court stated: "The patent laws do not include the right to "restrain[ ] . . .further alienation" after an initial sale; such conditions have been "hateful to the law from Lord Coke's day to ours" and are "obnoxious to the public interest." *Straus v. Victor Talking Machine Co.*, 243 U. S. 490, 501 (1917). 'The inconvenience and annoyance to the public that an opposite conclusion would occasion are too obvious to require illustration.' *Keeler*, 157 U. S., at 667.<br>But an illustration never hurts. Take a shop that restores and sells used cars. The business works because the shop can rest assured that, so long as those |

6

|    |    | |
|----|----|----|
|    |    | bringing in the cars own them, the shop is free to repair and resell those vehicles. That smooth flow of commerce would sputter if companies that make the thousands of parts that go into a vehicle could keep their patent rights after the first sale. Those companies might, for instance, restrict resale rights and sue the shop owner for patent infringement. And even if they refrained from imposing such restrictions, the very threat of patent liability would force the shop to invest in efforts to protect itself from hidden lawsuits. Either way, extending the patent rights beyond the first sale would clog the channels of commerce, with little benefit from the extra control that the patentees retain." |
| 41 | Patented parts that may be used to repair vehicles are available to consumers from dealers and licensed aftermarket distributors such as LKQ/Keystone, as well as the refurbishment and salvage industry. | Not relevant because FGTL is attempting to prevent ABPA and New World from selling parts by accusing ABPA member(s) and New World of patent infringement. |
| 42 | New World does not perform any process to assess whether a potential customer for a vehicle part had purchased the automobile on which the part would be used or obtain any other ownership or leasing information about the customer. | Not relevant because the repair parts are used to repair vehicles that were purchased from Ford. |
| 43 | The accused products were imported and offered for sale without any authorization from Ford or a Ford licensee or a vehicle owner in advance of any import or offer for sale that are accused as | Incorrect because patent exhaustion and the right to repair creates an implied license as explained in the motion for summary judgment briefing. |

7

| | |
|---|---|
| acts of infringement in this case. | |

Respectfully submitted,

*/s/ Robert G. Oake, Jr.*
Robert G. Oake, Jr.
Texas State Bar No. 15154300
Oake Law Office
700 S. Central Expy., Suite 400
Allen, Texas 75013
(214) 207-9066
rgo@oake.com

Paul M. Kittinger (P72754)
CARDELLI LANFEAR, P.C.
Attorney for Defendants
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
pkittinger@cardellilaw.com

Attorneys for ABPA and the New World Defendants

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on June 1, 2017, I electronically filed the foregoing Document with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System: None.

*/s/ Robert G. Oake, Jr.*
Robert G. Oake, Jr.