# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

**AUTOMOTIVE BODY PARTS ASSOCIATION,**

    Plaintiff,

**v.**

**FORD GLOBAL TECHNOLOGIES, LLC**

    Defendant.

Case No. 2:15-cv-10137-LJM-SDD

# DEFENDANT'S SUPPLEMENTAL MOTION TO SEAL HEARING TRANSCRIPT (DN 79)



Defendant Ford Global Technologies, LLC ("FGTL") hereby moves for an Order sealing the transcript of the parties' hearing on Monday, December 11, 2017 (DN79).[1] FGTL seeks to redact **page 29, line 20**.[2]

During the argument, counsel for ABPA referenced confidential documents relating to the business of FGTL and a third party that are marked "Attorneys' Eyes Only" under the governing Protective Order (DN31) entered in this case. As counsel for the ABPA recognized at the time, the information was designated "Attorney's Eyes Only." *See* DN79, Motion to Dismiss Case as Moot Transcript at 28:25. The documents referenced and discussed in the hearing are confidential business documents and FGTL would suffer prejudice if the terms of its confidential agreements were publicly disclosed in the court record.

The courts have long recognized a "strong presumption in favor of openness as to court records," and "[t]he burden of overcoming that presumption is borne by the party that seeks to seal them." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305, (6th Cir. 2016). To overcome this burden, "the proponent . . . must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305-06.

---

[1] This motion is made in response to a request from the Court following the filing of FGTL's motion to redact hearing transcript. DN80. The Court requested FGTL file a supplemental motion to seal that adheres to local Rule 5.3.

[2] FGTL has narrowed its redactions from 28:22 to 29:21, inclusive, and 35:1 to 36:3, inclusive, as stated in its initial motion (DN80) to simplify the issues.



1

Good cause exists for sealing the portion of the transcript of the parties' December 11, 2017 hearing transcript because the passage contains discussion of confidential information governed by the Protective Order detailing the terms of a confidential agreement between FGTL and an unrelated third-party. FGTL was unable to ensure the confidential information would be protected prospectively. Seeking an Order sealing this portion of the transcript is therefore, FGTL's only mechanism for preserving the confidentiality of the information discussed at the hearing.

The sealing of confidential information that could harm a party's business interest is proper. *NetJets Ass'n of Shared Aircraft Pilots v. NetJets, Inc.*, 2016 U.S. Dist. LEXIS 130837 (S.D. Ohio Sept. 23, 2016). The information FGTL seeks to seal the portion of the transcript that refers to the substantive rights of the parties under the agreement. FGTL would be prejudiced if the terms to which FGTL and the third party agreed in the confidential arrangement after negotiation were to be made public. *Kentucky v. Marathon Petro. Co. LP*, 2018 U.S. Dist. LEXIS 106176, at *19 (W.D. Ky. June 26, 2018) (granting motion to seal where business "could suffer competitive harm if its contractual terms were revealed to the public.") FGTL "could suffer . . . injury if its contracts were revealed to the public" especially since the portion FGTL seeks to redact discloses "the terms . . . that the third part[y] with whom [FGTL] negotiated the deals." *Id* at 17-18.



2

The redactions which FGTL seeks are also narrowly tailored. *Netjets Ass'n of Shared Aircraft Pilots v. NetJets, Inc.,* 2016 U.S. Dist. LEXIS 130837, at *4. (denying motion for reconsideration granting motion to seal where case involved "a small amount of information from one document"); *accord Marathon Petro. Co. LP*, 2018 U.S. Dist. LEXIS 106176, at *19 (granting motion to seal where "the parties have limited the scope"). Moreover, in light of the current state of the case, the information FGTL seeks to redact is "not [relevant] to the facts underlying this litigation." *Netjets,* 2016 U.S. Dist. LEXIS 130837, at *4.

For the foregoing reasons, FGTL respectfully requests an Order sealing the transcript of the December 11, 2017 hearing and directing the court reporter to redact the noted passages from all publicly available versions of the transcript.

Dated: October 19, 2018    **BROOKS KUSHMAN P.C.**

   /s/ Marc Lorelli
Frank A. Angileri (P45611)
Marc Lorelli (P63156)
1000 Town Center, 22nd Floor
Southfield, MI  48075
Tel: (248) 358-4400/Fax: (248) 358-3351
Email:     fangileri@brookskushman.com
              mlorelli@brookskushman.com

*Attorneys for Defendant*



3

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2018, I electronically filed the foregoing **DEFENDANT'S SUPPLEMENTAL MOTION TO SEAL HEARING TRANSCRIPT (DN 79)** with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

I also certify that I have emailed by the paper to the following non-participants in the ECF System: Jodi Matthews at Jodi_Matthews@mied.uscourts.gov and matthews@transcriptorders.com.

The **[Proposed] Order** has been submitted directly to the Judge for approval on the date stated above via the Court's ECF System and is also being sent via electronic mail to the parties listed above.

**BROOKS KUSHMAN P.C.**

 /s/ Marc Lorelli
Frank A. Angileri (P45611)
Marc Lorelli (P63156)
1000 Town Center, 22nd Floor
Southfield, MI  48075
Tel: (248) 358-4400/Fax: (248) 358-3351
Email:       fangileri@brookskushman.com
             mlorelli@brookskushman.com

*Attorneys for Defendant*

